## NEWMAN v. UFHEIL.

DEEDS—FRAUD—CONSIDERATION—EVIDENCE.

In suit to set aside deed upon the ground of actual fraud, constructive fraud, and lack of consideration, record supported trial court's determination that there·was no fraud and no ground for setting aside the deed.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 10, 1947. (Docket No. 66, Calendar No. 43,512.) Decided April 8, 1947.

Bill by Cleo Newman against Joseph Ufheil and wife to set aside a deed to real estate. Decree for defendants. Plaintiff appeals. Affirmed.

*C. W. Hatfield,* for plaintiff.

*Morry M. Fenton* (*Samuel H. Rubin,* of counsel), for defendant.

DETHMERS, J. Plaintiff's bill of complaint prays that a deed given by her to defendant, Joseph Ufheil, be set aside upon the grounds of actual fraud, constructive fraud and lack of consideration. Both plaintiff and said defendant testified. Their versions of the agreement and circumstances under which the deed was given are in sharp conflict. If the facts were as defendant testified, there was no fraud and no ground for setting aside the deed. This the plaintiff does not dispute. The trial court

believed the defendant and dismissed plaintiff's bill of complaint. A careful examination of the entire record and, particularly, of the testimony of plaintiff and defendant convinces us that the trial court was correct.

The case being thus disposed of on the facts, a discussion of authorities, as in parties' briefs, as to what constitutes constructive fraud, a gift *causa mortis,* a privileged communication, or laches, in point were plaintiff's story to be accepted as true, now becomes idle.

Decree dismissing plaintiff's bill of complaint affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, REID, and NORTH, JJ., concurred with DETHMERS, J. BUSHNELL, SHARPE, BOYLES, JJ., concurred in the result.